IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LANCE VONARD SILER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:19-cv-92-MHT-GMB ) |
| KING WILLIAMS APARTMENTS, | ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* complaint of Plaintiff Lance Vonard Siler. Doc. 1. The case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation pursuant to 28 U.S.C. § 636. Doc. 6. Because Siler has moved for leave to proceed *in forma pauperis* (Doc. 2), the court must review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). This statute instructs the court to dismiss any action in which it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). After a careful review of the complaint and the applicable law, and giving due consideration to Siler's *pro se* status, the undersigned recommends that this case be dismissed.

**I. FACTS AND PROCEDURAL HISTORY**

Siler, appearing *pro se*, filed a complaint against King Williams Apartments. Finding the complaint to be a shotgun pleading, this court ordered Siler to file an amended complaint on or before February 28, 2019 that complies with Rules 8 and 10 of the Federal

Rules of Civil Procedure and contains clear allegations of facts showing that Siler is entitled to relief under federal law. Doc. 7.  The court also pointed out that although Siler referred to sexual discrimination in his complaint, the factual allegations did not include any action taken because of his gender or identify any federal law allegedly violated. Doc. 7 at 2.  The court cautioned Siler that his failure to submit an amended complaint may result in recommendation of dismissal of this case. Doc. 7 at 3.  Siler has not filed an amended complaint as of the date of this recommendation.

## II. STANDARDS OF REVIEW

The same standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  In evaluating the sufficiency of a complaint, the court must consider reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" are not admitted as true for the purpose of testing the sufficiency of a plaintiff's allegations. *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal if a plaintiff fails to comply with a court order.  Pursuant to that rule, a court may dismiss an action *sua sponte*. *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006).

## III.  DISCUSSION

Although he was ordered to do so, Siler has not filed an amended complaint within the time allowed by the court.  Siler was cautioned that his failure to submit an amended

complaint in compliance with the court's Order could result in a recommendation of the dismissal of this case. Doc. 7 at 3.  As noted above, Federal Rule of Civil Procedure 41 authorizes the court to dismiss an action on its own motion when a plaintiff fails to comply with a court order. *See Brown*, 205 F. App'x at 802.  The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (citation omitted). Dismissal with prejudice pursuant to Rule 41 is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted).  While dismissal with prejudice is a serious sanction, Siler's failure to file any amended complaint in response to the court's Order compels a finding that Siler's failure to comply was willful, particularly given that he was forewarned that his claims could be dismissed if he did not comply with the Order.  The court also finds that lesser sanctions would not suffice because this litigation cannot advance without a pleading that states a claim for relief. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Alternatively, the court has considered the allegations of the complaint under Rule 12 pursuant to § 1915(e)(2)(B)(ii).  As noted in its previous Order (Doc. 7), while Siler refers to sexual discrimination, the alleged facts relate to the use of profanity when his request for assistance at his apartment was denied, and he has not identified a federal statute or law which has been violated. Doc. 1.  The court concludes, therefore, that pursuant to Rule 12(b)(6), Siler has failed to state a claim for relief after having been given an

3

opportunity to replead his claims and that his claims are due to be dismissed on that alternative basis.

The court is of course mindful of Siler's *pro se* status. While *pro se* pleadings are held to a lesser standard than those prepared by attorneys and "are thus construed liberally," *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), *pro se* litigants still must comply with the Federal Rules of Civil Procedure. *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) (finding no abuse of discretion in dismissal where "despite guidance from the district court on how to cure the deficiencies in his complaint and a clear warning that noncompliance would be cause for dismissal, [the plaintiff] did not comply with the district court's order to file an amended complaint in conformity with the requirements of Rules 8 and 10").

### IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion to Proceed *in forma pauperis* (Doc. 2) be GRANTED; but

2. That the action be DISMISSED with prejudice without service of process.

It is further ORDERED that the Plaintiff is DIRECTED to file any objections to this recommendation on or before **March 25, 2019.** Any objections filed must identify the specific findings in the Magistrate Judge's recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. This recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a

party from a *de novo* determination by the District Court of legal and factual issues covered in the report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions that the parties have not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

    DONE this 11th day of March, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE